RECEIVED
IN ALEXANDRIA, LA.
JUN 1 4 2012
TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEBI BELL

VERSUS

BARBARA WATKINS, ET AL.

DOCKET NO.: 10-cv-0789

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

On April 20, 2010, *pro se* plaintiff, Debi Bell ("Bell"), filed a civil rights complaint pursuant to 42 U.S.C. §1983 with several other *pro se* claimants against three officials with the Department of Veterans Affairs ("VA") and the United States of America. That action proceeded under docket number 10-cv-0664. On May 10, 2010, Bell's case was severed and assigned the above captioned title and docket number.

Though Bell's lawsuit was filed as a civil rights claim, her complaint actually sets forth a federal employee discrimination claim. Specifically, she claimed she was retaliated against because her father protested and filed suit against her employer, the VA Hospital. Bell named Barbara Watkins, Hollis Reed, Mona Gibson, Pamela Mendez, Cindy Twillinger, Tammy Arnold and the USA, on behalf of the Veterans Administration Hospital as defendants (Doc. 1).

The defendants filed a motion to dismiss on June 18, 2010 alleging the court lacked jurisdiction as all defendants were immune from suit and Bell failed to exhaust her administrative remedies (Doc. 7). On March 30, 2011, the district judge dismissed

Bell's Title VII retaliation claims for lack of exhaustion but allowed claims for retaliatory discharge in violation of 38 U.S.C. §7461 as well as her claims for whistleblowings and First Amendment violations to remain (Doc. 11).

On April 23, 2012, defendants filed the instant motion to dismiss and motion for summary judgment (Doc. 20). In it, they argue that the court lacks jurisdiction over the matter as Title VII is the exclusive remedy afforded to Bell regarding any retaliation, whistleblower and Biven claims for alleged violation of First Amendment rights.

Bell filed an opposition to defendants' motion on May 15, 2012 (Doc. 23). The motion and opposition are currently before me for report and recommendation.

## Motion to Dismiss

Lack of subject matter jurisdiction may be raised as a defense by a party. Fed.R.Civ.P. 12(b)(1). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). Pursuant to Rule 12(b)(1), a party may obtain dismissal of a claim for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion however, the court must "view all of the facts in a light most favorable to the plaintiff." Ambraco, Inc. V. Bossclip B.V., 570 F.3d 233, 237-38 (5th Cir. 2009), quoting Ginter ex rel. Ballard v. Belcher, Prendercrast & Laporte, 536 F.3d 439, 441 (5th Cir.

2

2008). Generally, when the complaint states a "cognizable federal claim, dismissal for want of jurisdiction is disfavored as a matter of policy" and "is only proper in the case of a frivolous or insubtstantial claim, i.e., a claim which has not plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." Young v. Hosemann, 598 F.3d 184, 188 (5th Cir. 2010), quoting Bell v. Health-Mor, 549 F.2d 342, 344 (5th Cir. 1977). Nonetheless, the party asserting jurisdiction bears the burden of proof on a motion to dismiss. Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009).

### Motion for Summary Judgment

As the Fifth Circuit Court of Appeals explained in Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011):

> A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see Celotex Corp v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Effective December 1, 2010, Rule 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended rule contains no substantive change to the standard. An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). [W]e consider all evidence in the light most favorable to the party resisting the motion. Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir.1983).

(Quotations and internal footnote references omitted.)

Local Rule 56.2W also provides that all material facts set

forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F.3d 862 (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its

initial burden, summary judgment should be denied. <u>Id.</u>

## Law and Analysis

The United States Supreme Court has long held Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." <u>Brown v. General Services Administration</u>, 425 U.S. 820, 836 (1976). This is true even when claims which appear to be outside Title VII arise from the same facts which gave rise to the alleged employment discrimination. <u>Jackson v. Widnall</u>, 99 F.3d 710, 716 (5th Cir. 1996), citing <u>Rowe v. Sullivan</u>, 967 F.2d 186, 189 (5th Cir. 1992). A review of the case shows that all retaliation claims, any whistleblower claims and any First Amendment violations would arise solely from the alleged retaliation and wrongful discrimination. Thus, her exclusive remedy is under Title VII. Because Bell failed to exhaust her EEOC claim, this court does not have jurisdiction over any of the claims and the case should be dismissed. Yet, out of an abundance of caution, set forth below is further explanation as to why each of these claims and thus, this case, should be dismissed.

### Retaliation under 38 U.S.C. §7461

Though it was initially thought that Bell could pursue her retaliation claim under 38 U.S.C. §7461, further review of the docket and case law show she lacks standing to pursue such a claim. The statute specifically provides that it applies to only those employees designated under 38 U.S.C. §7401(1). Section 7401(1)

includes "[p]hysicians, dentists, podiatrists, chiropractors, optometrists, registered nurses, physician assistants and expanded-function dental auxiliaries." Bell was employed as a Program Support Assistant. Though she contends the statute applies to her because she is a full time employee, it does not as she was not hired as any of the designated employees in section 7401(1). Thus, she cannot pursue a claim under 38 U.S.C. §7461.

Whistleblower Claim

Further review of the complaint also shows that Bell did not state a claim for violation of the Whistleblower Protection Act of 1989, Pub.L. 101-12, April 10, 1989, 103 State. 16,(codified as amended in scattered sections of 5 U.S.C.)("WPA"). WPA protects federal employees from certain adverse employment actions taken because the employee reported or made disclosures of wrongdoing by his employer. 5 U.S.C. §2302(b)(8).

Bell's complaint states that she was retaliated against because her father protested and filed a lawsuit against the VA Hospital and various others regarding mistreatment of veteran patients. Bell admits she had no involvement in the conduct undertaken by her father and denies any other wrongdoing (Doc. 1, p. 8 and Doc. 23, p. 2).[1] Thus, she cannot pursue a whistleblower

---

[1] "I was not being retaliated against because of any action of my own but rather due to actions of my father trying to assist veterans who have been wronged by the V.A. hospital Alexandria." (Doc. 20, p.8). "May I remind the Court that it has uncontested evidence before it that I was retaliated against by discharge,

claim on that basis.

Even if Bell properly raised a whistleblower claim, "[t]he WPA does not give an aggrieved employee the right to seek relief directly in federal district court." Robinson v. Rubin, 77 F.Supp.2d 784 (S.D. Tex. 1999), citing Ugarte v. Johnson, 40 F.Supp.2d 178, (S.D.N.Y March 19, 1999); Hooks v. Army and Air Force Exch. Serv., 944 F.Supp. 503, 506 (N.D. Tex. 1996). Rather, in "mixed cases" which involve whistleblower and discrimination claims, the aggrieved must either pursue the claim with the Merit System Protection Board or file a complaint with the employing agency's EEO department. Id. citing 5 U.S.C. §1221; 5 U.S.C. §7702; McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995). As there is no allegation nor proof that Bell ever sought relief through the Merit System Protection Board and we know she failed to exhaust her EEO complaint, any viable claim should be dismissed.

First Amendment Claims

Finally, any purported claim for a First Amendment violation must be dismissed. The means by which a plaintiff may bring claims against federal individuals for alleged constitutional violation is Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, a Bivens action may be brought only if there are "no special factors counseling hesitation in the absence

---

not for any of my own actions but for actions taken by my father." (Doc. 23, p. 2).

of affirmative action by Congress" and "no explicit congressional declaration that money damages may not be awarded." Rollins v. Marsh, 937 F.2d 134, 138 (5th Cir. 1991), citing Bivens, 403 U.S. at 396.

It has been found by this court that the "Congressionally-created administrative agency to address complaints of Department of Veterans Affairs' employees is the Merit Systems Protection Board." Washington v. U.S., 2005 WL 3296678, *4 (W.D.La. 2005). Thus, the existence of the Merit Systems Protection Board is "a special factor counseling hesitation against creating a Bivens remedy for a federal employee alleging his First Amendment rights were violated." Id. This, coupled with the fact Title VII provides the exclusive remedy for all claims arising out of facts giving rise to the employment claim, renders this court without jurisdiction to entertain such a claim.

## Conclusion

In light of the foregoing, IT IS RECOMMENDED that the defendants' motion to dismiss and for summary judgment (Doc. 20) be GRANTED and the lawsuit be dismissed.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this ___ day of June, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE